# IN THE UNITED STATES DISTRICT COURT OF ALABAMA
## MIDDLE DISTRICT

| | |
|---|---|
| **ELIZABETH WILLIAMSON** ) | |
|    PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:17cv-289 |
| ) | |
| **MICHAEL BENJAMIN WILLIAMSON** ) | |
| **AND RYAN QUARNE, OLSON &** ) | |
| **BURNS, P.C.** ) | |
|    DEFENDANTS. ) | |

RECEIVED
2017 MAY -4 P 12:07
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

**COMES NOW**, The Plaintiff, Elizabeth Williamson, and files this Complaint as follows:

### PARTIES

1. Plaintiff, Elizabeth Williamson is a resident of Crenshaw County, Alabama, is over the age of nineteen years and otherwise competent to file this complaint. Elizabeth Williamson is the daughter and heir of Michael Mark Williamson, deceased.

2. Defendant, Michael Benjamin Williamson is a resident of Cobb County, Georgia, is over the age of nineteen years and is otherwise competent. Michael Benjamin Williamson is the son, heir and executor of the estate of Michael Mark Williamson, deceased.

3. Defendant Ryan Quarne is an attorney who represented the Estate of Michael Benjamin Williamson. Ryan Quarne is a resident of Minot, Ward County, North Dakota is over the age of nineteen years and otherwise competent.

4. Defendant Olson & Burns, P.C. is a professional corporation engaged in the practice of law in Minot, North Dakota and at all times relevant hereto was the employer of Ryan Quarne.

## JURISDICTION

5. This action is properly brought in the Middle District of Alabama the jurisdiction where the Plaintiff resides. The Plaintiff is claiming compensatory and punitive damages over the amount of seventy-five thousand dollars ($75,000.00) and there is diversity of citizenship with the Plaintiff residing in Crenshaw County, Alabama; the Defendant Ben Williamson residing in Cobb County, Georgia and the Defendant Ryan Quarn residing in Ward County, North Dakota.

## STATEMENT OF FACTS

6. On or about December 4, 2013 the Plaintiff's father Michael Mark Williamson died in Minot, North Dakota.

7. After her father's death, Plaintiff discovered a cashier's check in the amount of forty thousand dollars, ($40,000.00). Plaintiff and her brother Defendant Michael Benjamin Williamson, took said cashier's check to the law firm Olson & Burns, P.C. in Minot, North Dakota to open an estate for her father.

8. Richard P. Olson a partner in the firm of Olson & Burns, P.C. took the cashier's check and opened an Estate. (*Probate No. 51-2013-PR-00250*).

9. On or about May 31, 2015 Plaintiff, Elizabeth Williamson, entered into a Settlement Agreement in the probate estate of Michael Mark Williamson. (*Probate No. 51-2013-00250*). Said Settlement Agreement is attached hereto as "Exhibit A."

10. On or about July 27, 2015, the Settlement Agreement was approved by the Judge of the District Court. Thereafter the funds were dispersed.

11. In the Plan of Distribution Plaintiff was to receive a cash distribution of thirty-six thousand, nine hundred seventy nine dollars, and ten cents ($36,979.10). Plaintiff did not receive said distribution.

12. Michael Benjamin Williamson (hereinafter referred to as "Ben Williamson") as executor of the Estate did not make said distribution.

13. Attorney, Ryan Quarne, was the agent and employee of Olson & Burns, P.C. and the attorney representing the Estate. Ryan Quarne and Olson & Burns, P.C. were bound with a fiduciary duty to distribute the assets of the Estate according to the Last Will and Testament of the deceased, Michael Mark Williamson.

14. Ryan Quarn and Olson & Burns, P.C. did not make the distribution to Plaintiff in accordance with the Agreement and the Last Will and Testament of the Deceased and/or Ryan Quarn and Olson & Burns, P.C. did not take reasonable measures to insure that the Plaintiff's distribution was made to her.

15. Ryan Quarn and Olson & Burns, P.C. had a duty to ensure the distribution to Plaintiff and negligently breached that duty by allowing the $78,397.64 net distribution to be deposited in the account of Ben Williamson and/or did not take appropriate steps to insure that the funds were distributed according to the Agreement.

## COUNT ONE
### CONVERSION

16. On or about the 1st day of August, 2015, in Ward County, North Dakota and/or Cobb County, Georgia, the Defendant Ben Williamson converted the following described chattels, which are the property of the Plaintiff: thirty-six thousand nine hundred seventy nine and ten cents ($36,979.10).

17.   Plaintiff has demanded the return of the said chattels and the Defendant, Ben Williamson has unlawfully refused to return the same.

18.   Plaintiff claims punitive damages of the Defendant because of the Defendant's willful and oppressive conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the sum of thirty-six thousand nine hundred seventy nine and ten cents ($36,979.10), plus interest at 6% from July 27, 2015, plus costs and punitive damages.

## COUNT TWO
### BREACH OF CONTRACT

19.   On or about the 1st day of May, 2015, Plaintiff and Defendant, Ben Williamson entered into an agreement and a plan of distribution, a copy of which is attached hereto as Exhibit A.

20.   Defendant breached said agreement by not tendering to the Plaintiff her share of the net proceeds of the Estate of her father.

21.   Plaintiff claims a reasonable attorney's fee of Defendant, Ben Williamson.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the sum of Dollars ($), plus the further sum of thirty-six thousand nine hundred seventy nine and ten cents ($36,979.10) plus a reasonable sum as attorney's fees, plus interest and costs.

## COUNT THREE
### BREACH OF FIDUCIARY DUTY

22.   On or about January 6, 2014, Ben Williamson contracted with Defendant Olson & Burns, P.C. to perform certain legal services to wit: Represent the Estate of Michael Mark

Williamson and insure that the assets of the estate were distributed according to the Will. Defendant, Ryan Quarne is an attorney licensed to practice law in the State of North Dakota and an employee of Olson & Burns, P.C.

23. On or about August 2015, Plaintiff became aware that Defendant Quarn negligently handled the Estate of Michael Mark Williams, in that he did not exercise ordinary and reasonable care in insuring that the assets of the Estate were distributed in accordance with the Last Will and Testament of the Deceased.

24. Defendants Olson & Burns, P.C. and Ryan Quarne owed a duty to the Estate of the Deceased that the assets of his estate would be distributed according to his Will.

25. Defendants Olson & Burns, P.C. and Ryan Quarne breached that duty by not taking reasonable and ordinary steps to protect the assets of the estate and/or negligently dispersing the funds.

26. Defendants Olson & Burns, P.C. and Ryan Quarne distributed the entire net proceeds ($78,397.64) of the estate to the executor Ben Williamson and/or Defendant Quarne negligently allowed the assets of the estate to remain in the individual account of Ben Williamson.

27. Defendants Olson & Burns, P.C. and Ryan Quarne knew, or should have known that Ben Williamson did not make a distribution to the Plaintiff in accordance with the Settlement Agreement prepared by him and approved by the District Judge.

28. As a proximate result of said negligence Plaintiff was damaged in the amount of ($36, 979.00) plus interest and costs.

**WHEREFORE,** plaintiff demands judgment against the Defendant Quarn in the sum of 36,979.10 plus interest and costs.

_____
ELIZABETH WILLIAMSON, PLAINTIFF

SWORN and SUBSCRIBED before me this 1st day of May, 2017.

_____
NOTARY PUBLIC
My commission expires: 01/04/20

KATHERINE SNIDER
Notary Public, Alabama State At Large
My Commission Expires
January 04, 2020

SUBMITTED this the 2ND day of April, 2017.

_____
Arlene M. Richardson
Bar Number ASB 9452-I60A
Attorney for the Plaintiffs
**Richardson Legal Center, L.L.C.**
P.O. Box 6
Highland Home, Alabama 36041
Telephone: (334) 537-9011
Fax: (561) 228-1085
E-mail: arlawyer@mon-cre.net