# IN THE UNITED STATES DISTRICT COURT OF ALABAMA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| ELIZABETH WILLIAMSON | ) | |
|     PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: _____ |
| | ) | |
| MICHAEL BENJAMIN WILLIAMSON | ) | |
| AND RYAN QUARNE, OLSON & | ) | |
| BURNS, P.C. | ) | |
|     DEFENDANTS. | ) | |

## SECOND AMENDED COMPLAINT

**COMES NOW,** The Plaintiff, Elizabeth Williamson, and files this Second Amended Complaint pursuant to Rule 15(B) as follows:

### PARTIES

1. Plaintiff, Elizabeth Williamson is a resident of Crenshaw County, Alabama, is over the age of nineteen years and otherwise competent to file this complaint. Elizabeth Williamson is the daughter and heir of Michael Mark Williamson, deceased.

2. Defendant, Michael Benjamin Williamson is a resident of Cobb County, Georgia, is over the age of nineteen years and is otherwise competent. Michael Benjamin Williamson is the son, heir and executor of the estate of Michael Mark Williamson, deceased.

3. Defendant, Ryan Quarne, is an attorney who represented the Estate of Michael Benjamin Williamson. Ryan Quarne is a resident of Minot, Ward County, North Dakota and is over the age of nineteen years and otherwise competent.

4. Defendant, Olson & Burns, P.C. and it's partner Richard Olson, is a professional corporation engaged in the practice of law in Minot, North Dakota and at all times relevant hereto was the employer of Ryan Quarne .

## JURISDICTION

5. This action is properly brought in the Middle District of Alabama, the jurisdiction where the Plaintiff resides. The Plaintiff is claiming compensatory and punitive damages over the amount of seventy-five thousand dollars ($75,000.00) and there is diversity of citizenship with the Plaintiff residing in Crenshaw County, Alabama; the Defendant Ben Williamson residing in Cobb County, Georgia and the Defendant Ryan Quarne residing in Ward County, North Dakota.

## STATEMENT OF FACTS

6. On or about December 4, 2013, the Plaintiff's father Michael Mark Williamson died in Minot, North Dakota.

7. After her father's death, on December 4, 2013, Plaintiff discovered a cashier's check in the amount of forty thousand dollars, ($40,000.00). Plaintiff and her brother Defendant, Michael Benjamin Williamson, took said cashier's check to the law firm Olson & Burns, P.C. in Minot, North Dakota to open an estate for her father.

8. Richard P. Olson a partner in the firm of Olson & Burns, P.C. took the cashier's check and opened an Estate. (*Probate No. 51-2013-PR-00250*).

9. On or about May 31, 2015 Plaintiff, Elizabeth Williamson, entered into a Settlement Agreement in the probate estate of Michael Mark Williamson. (*Probate No. 51-2013-00250*). Said Settlement Agreement is attached hereto as "Exhibit A."

10. On or about July 27, 2015, the Settlement Agreement was approved by the Judge of the District Court. Thereafter the funds were dispersed.

11. In the Plan of Distribution, the Plaintiff was to receive a cash distribution of thirty-six thousand, nine hundred seventy nine dollars, and ten cents ($36,979.10). Plaintiff did not receive said distribution.

12. Michael Benjamin Williamson (hereinafter referred to as "Ben Williamson") as executor of the Estate did not make said distribution.

13. Attorney, Ryan Quarne, was the agent and employee of Olson & Burns, P.C. and represented the Estate. Ryan Quarne and Olson & Burns, P.C. were bound with a fiduciary duty to distribute the assets of the Estate according to the Last Will and Testament of the deceased, Michael Mark Williamson.

14. Ryan Quarne and Olson & Burns, P.C. did not make the distribution to Plaintiff in accordance with the Agreement and the Last Will and Testament of the Deceased and/or Ryan Quarne and Olson & Burns, P.C. did not take reasonable measures to insure that the Plaintiff's distribution was made to her.

15. Ryan Quarne and Olson & Burns, P.C. had a duty to ensure the distribution to Plaintiff and negligently breached that duty by allowing the $78,397.64 net distribution to be deposited in the account of Ben Williamson and/or did not take appropriate steps to insure that the funds were distributed according to the Agreement.

### COUNT ONE
#### CONVERSION

16. On or about the 1st day of August, 2015, in Ward County, North Dakota and/or Cobb County, Georgia, the Defendant Ben Williamson converted the following described chattels, which are the property of the Plaintiff: thirty-six thousand nine hundred seventy nine dollars and ten cents ($36,979.10).

17. Plaintiff has demanded the return of the said chattels and the Defendant, Ben Williamson has unlawfully refused to return the same.

18. Plaintiff claims punitive damages of the Defendant because of the Defendant's willful and oppressive conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the sum of thirty-six thousand nine hundred seventy nine and ten cents ($36,979.10), plus interest at 6% from July 27, 2015, plus costs and punitive damages.

## COUNT TWO
### BREACH OF CONTRACT

19. On or about the 1st day of May, 2015, Plaintiff and Defendant, Ben Williamson entered into an agreement and a plan of distribution, a copy of which is attached hereto as Exhibit A.

20. Defendant breached said agreement by not tendering to the Plaintiff her share of the net proceeds of the Estate of her father.

21. Plaintiff claims a reasonable attorney's fee of Defendant, Ben Williamson.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the sum of Dollars ($), plus the further sum of thirty-six thousand nine hundred seventy nine and ten cents ($36,979.10) plus a reasonable sum as attorney's fees, plus interest and costs.

## **COUNT THREE**
### BREACH OF FIDUCIARY DUTY

22. On or about January 6, 2014, Ben Williamson contracted with Defendant Olson & Burns, P.C. to perform certain legal services to wit: Represent the Estate of Michael Mark Williamson and insure that the assets of the estate were distributed according to the Will.

23. In the Agreement attorney Quarne represented that there were $77,647.64 in funds remaining and that unpaid attorney's fees and expenses will be "withheld." The withholding of funds indicated to the Plaintiff that the attorney was holding the assets of the Estate.

23. On or about August 2015, Plaintiff became aware that Defendant Quarne negligently handled the Estate of Michael Mark Williams, in that he did not exercise ordinary and reasonable care in insuring that the assets of the Estate were preserved and distributed in accordance with the Last Will and Testament of the Deceased.

24. Elizabeth Williamson gave her father's check for $40,000.00 to Olson & Burns, PC with the expectation that they place those funds into an account for the Estate, and that the funds would later be distributed in accordance with the Will. Olson & Burns, through Richard Olson, did not explain to Elizabeth that her brother would be in control of the cash assets of the estate.

25. Defendants Richard Olson and Ryan Quarne owed a duty to the Estate of the Deceased that the assets of his estate would be distributed according to his Will.

26. Defendant Quarne contacted attorney for the Plaintiff by e-mail a minimum of thirty times, and numerous telephone calls were initiated, about estate property in the possession of Elizabeth Williamson, negotiation of an agreement on distribution, the sale of property in

North Dakota and North Carolina. Communication continued after the Court's Order and the money was not dispersed.

27. Other than the initial interview, Co-defendant, Ben Williamson and attorney Quarnes communications were done long distance between Georgia and North Dakota.

28. Elizabeth Williamson moved to Alabama after the death of her father. Personal property of the Estate that remained in the deceased home was moved to Alabama. Personal property of the Estate located in Alabama was the subject of much of the negotiation between Quarne, Ben Williamson and counsel for Elizabeth.

29. Defendants Olson & Burns, P.C. and Ryan Quarne breached that duty by not taking reasonable and ordinary steps to protect the assets of the estate and/or negligently dispersing the funds.

30. Defendants Olson & Burns, P.C. and Ryan Quarne distributed the entire net proceeds ($78,397.64) of the estate to the executor Ben Williamson and/or Defendant Quarne negligently allowed the assets of the estate to remain in the individual account of Ben Williamson.

31. Defendants, Richard Olson, Olson & Burns, P.C. and Ryan Quarne knew, or should have known that Ben Williamson did not make a distribution to the Plaintiff in accordance with the Settlement Agreement prepared by him and approved by the District Judge.

32. As a proximate result of said negligence and breach of fiduciary duty Plaintiff was damaged in the amount of ($36, 979.00) plus interest and costs.

33. Plaintiff also claims punitive damages for the willful, wanton, fraudulent and/or oppressive conduct in an amount to be determined by the Court .

**WHEREFORE**, plaintiff demands judgment against the Defendants Quarne and Olson and Burns, P.C. in the sum of 36,979.10 compensatory damages, 40,000.00 punitive damages, interest and costs.

### COUNT FOUR
#### FRAUD AND DECEIT

34. Approximately, a week after the death of Plaintiff's father, (December 4, 2013) Defendant, Richard Olson, of Olson & Burns, P.C., conducted the initial meeting with Elizabeth Williamson, Benjamin Williamson and Matthew Stephens at the offices of Olson and Burns, PC. This appointment with Mr. Olson was to discuss opening an estate.

35. At said meeting, Elizabeth Williamson brought an unendorsed cashier's check for $40,000.00 written on her father's account.

36. Mr. Olson told them that Olson & Burns would set up an estate; that Benjamin would need to open a separate account for the estate and since he was the executor that he would be the one who "signed off" on all the transactions of the estate.

37. In the same meeting, Mr. Olson said that a real estate agent was needed to sell their father's home. Mr. Olson told Elizabeth that they would handle the Estate; that debtors of the estate would be handled by the firm; that money coming into the estate would be handled by the firm; and that the executor would "sign off" on those actions done by the firm.

38. Elizabeth Williamson, relied upon the statements of Mr. Olson that the lawyers would handle the money coming into the estate and the debts paid by the estate. Mr. Olson suppressed the fact that the lawyers would have no control or access to the bank account of the Estate.

39. Days later Elizabeth met with Mr. Quarne at Olson & Burns and delivered documents about her father's estate. In the months that followed, Elizabeth contacted Mr. Quarne

numerous times about the progress of the estate. Each time Mr. Quarne told her that they were not able to contact her brother Benjamin. She would ask "what needs to happen to get the Estate settled?" Mr. Quarne repeatedly answered "We are waiting for signatures from Ben."

40. Not once did Mr. Quarne disclose to Elizabeth that they had no control over the account of the Estate. Not once did Mr. Olson or Mr. Quarne disclose to Elizabeth that they had no idea if the account of the Estate had been depleted.

41. By this time, Mr. Olson and Mr. Quarne, knew or should have known, that the Benjamin's refusal to communicate with them indicated that Benjamin was not being truthful or that they should be suspicious of his actions and disappearance.

42. Mr. Olson and Mr. Quarne knew, or should have known, that Benjamin Williamson had already spent her inheritance. Mr. Olson and Mr. Quarne represented that they were in control of the Estate, with reckless disregard of the truth. They made these representations without any knowledge as to whether they were true or false and without any reasonable grounds for believing they were true.

43. Mr. Quarne negotiated the division of the personal property, in the possession of Elizabeth, misleading the Plaintiff into thinking that he was in control of the assets of the estate. Mr. Quarne did so with the intent to induce Elizabeth into signing the final agreement closing the estate. Mr. Quarne accepted the final agreement while knowingly suppressing the fact that he did not believe Elizabeth would receive her inheritance.

44. Mr. Quarne knowingly, willfully and deceitfully closed the estate to relieve himself of his fiduciary duty to distribute the estate according to the instructions of the Last Will and Testament.

45. Mr. Quarne and Olson successfully closed the estate and received their attorney fee, knowing that Elizabeth would not receive her rightful share.

46. Olson and Quarne suppressed the fact that they did not oversee or hold the cash assets of the estate. As attorney's for the Estate and/or on behalf of Benjamin Williamson, Defendants had a duty to disclose that they did not have or control the cash assets of the estate and could not ensure that the distribution was made to Elizabeth.

47. Elizabeth believed said representations or suppressions, and relied on them, and acted upon them by entering into a negotiated agreement with Defendant Benjamin Williamson in order to settle the estate.

48. As a proximate cause of said misrepresentations and suppressions the Plaintiff was caused to suffer damages.

41. Plaintiff claims exemplary and punitive damages of the defendant due to the nature of the fraud in an amount not less than $78,397.64 or such amount as is determined by a court or jury to be fair and equitable under the circumstances.

**SUBMITTED** this the 19th day of March, 2018.

*s/Arlene M. Richardson*
Bar Number ASB 9452-I60A
Attorney for the Plaintiff
**Richardson Legal Center, L.L.C**.
P.O. Box 6
Highland Home, Alabama 36041
Telephone: (334) 537-9011
Fax: (815) 366-9797
E-mail: arlawyer@mon-cre.net

**CERTIFICATE OF SERVICE**

      I hereby certify that on  03/19/2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Thomas L. Oliver, II
    Daniel B. Harris
    Carr Allison
    100 Vestavia Parkway
    Birmingham, AL 35216
    Toliver@carrallison.com
    dharris@carrallison.com

And certify that I have hereby mailed by United States Postal Service the document to the following non-CM/ECF participants:

Benjamin Williamson
37 Tatum Street
Marietta, GA 30060

                **s/Arlene M. Richardson**
                Bar Number ASB 9452-I60A
                Attorney for the Plaintiff
                **Richardson Legal Center, L.L.C.**
                P.O. Box 6
                Highland Home, Alabama 36041
                Telephone: (334) 537-9011
                E-mail: arlawyer@mon.cre.net